IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:25-CR-1 |
| | ) | |
| CHESAPEAKE REGIONAL MEDICAL CENTER, | ) | |
| | ) | |
| a/k/a CHESAPEAKE GENERAL HOSPITAL, | ) | |
| | ) | |
| a/k/a CHESAPEAKE REGIONAL HEALTHCARE | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO DEFENDANT'S "EMERGENCY" MOTION TO DISMISS

The United States of America, by and through its attorneys, Erik S. Siebert, United States Attorney, and E. Rebecca Gantt and Elizabeth M. Yusi, Assistant United States Attorneys, now responds in opposition to the defendant CHESAPEAKE REGIONAL MEDICAL CENTER ("CRMC")'s Emergency Motion to Dismiss the Indictment for Lack of Jurisdiction.  ECF Nos. 45 (Motion) & 46 (Brief).

Defendant's motion is meritless.  Notwithstanding the defendant's current contention that the lack of the name "Chesapeake Hospital Authority" on the indictment warrants dismissal, the defendant has appeared in this Court and entered numerous filings as "Chesapeake Regional Medical Center" in the more than seven months since being indicted.  Its practice prior to appearing in this Court has been the same, using interchangeably the terms Chesapeake Hospital Authority and Chesapeake Regional Healthcare (and the predecessor names Chesapeake Regional Medical Center and Chesapeake General Hospital) in state court filings, in legal

contracts, on its website, and in claims to health insurance benefit programs.  As this consistent practice shows, all of these terms are simply different names for the same entity: the defendant.  And surely, if the hospital authority were a distinct entity from Chesapeake Regional Healthcare and its predecessor names, the defendant would not be arguing that the latter is imbued with the sovereign immunity of the former.  The defendant's motion should be denied.

All that is required of an indictment is that it provide fair notice to the defendant, and that requirement has been amply complied with here.  Should the Court deem amendment necessary, the proper remedy under the case law is for the Court to amend the indictment to correct a misnomer, and not dismissal.   In an abundance of caution, the government moves the Court to amend the indictment to add "a/k/a Chesapeake Hospital Authority."

## ARGUMENT

It is long-settled law that an indictment "is an accusation against a person, and not against a name.  A name is not of the substance of an indictment."  *United States v. Fawcett*, 115 F.2d 764, 767 (3d Cir. 1940).  *See also Faust v. United States*, 163 U.S. 452, 454 (1896); *United States v. Owens*, 334 F. Supp. 1030, 1031 (D. Minn. 1971) ("[A] name in an indictment is a matter of form and not substance. . . . This holding is given credence in light of the well accepted principle that a person may be indicted merely as John Doe until his true name becomes known and then an amendment may be allowed.").  The charging instrument need only "be sufficiently definite that [the accused] shall not be again subjected to another prosecution for the same offense."  *United States v. Johnson*, 741 F.2d 1338, 1341 (11th Cir. 1984).

Here, the indictment names as the defendant Chesapeake Regional Medical Center, a/k/a Chesapeake General Hospital, a/k/a Chesapeake Regional Healthcare.  ECF No. 1 at 1.  The

indictment recites that Chesapeake Regional Medical Center ("CRMC") is a hospital in Chesapeake, renamed as Chesapeake Regional Healthcare ("CRH") in 2015 and previously known as Chesapeake General Hospital ("Chesapeake General").  *Id.* ¶ 16.  The indictment also references the Chesapeake Hospital Authority ("CHA"), describing it as the governing body over CRMC.  *Id.* ¶ 27.  This is consistent with the defendant's very own representations on its website:

## Overview

Chesapeake Regional Healthcare is governed by the Chesapeake Hospital Authority, a board composed of area citizens who ensure that the hospital remains focused on providing services the community wants and values. For more

*See* https://chesapeakeregional.com/about-us/chesapeake-hospital-authority (last visited Aug. 2, 2025).

Seven and a half months after being indicted—and following numerous appearances in this Court under the indictment—the defendant now contends the Court lacks jurisdiction and must dismiss the indictment because it only names CRMC, CRH, and Chesapeake General, and does not identify "Chesapeake Hospital Authority" as a party.  However, per the defendant's own contention, this is a distinction without a difference, as all names refer to the exact same entity.  ECF No. 46 at 2 ("Chesapeake Regional Medical Center," "Chesapeake General Hospital," and "Chesapeake Regional Healthcare" all merely constitute fictious [sic] names used by CHA[.]").  The Virginia law the defendant cites as a basis for its alternate names establish the same thing, as the law governs a "person['s]" use of an "assumed or fictitious name."  Va. Code § 59.1-69.

3

Unsurprisingly, the defendant's own long term practice in multiple forums is to use all of these names interchangeably, including all of the names listed in the indictment. Those forums include 1) **this Court**:

> #### NOTICE OF APPEARANCE ON BEHALF OF CHESAPEAKE REGIONAL MEDICAL CENTER
>
> William H. Newman, of the law firm Oberheiden P.C., hereby enters this appearance as counsel for defendant Chesapeake Regional Medical Center and requests that copies of all future

ECF No. 4;

> #### CHESAPEAKE REGIONAL MEDICAL CENTER'S RULE 12.4 CORPORATE DISCLOSURE STATEMENT[1]
>
> Defendant Chesapeake Regional Medical Center certifies that it has no parents, trusts, subsidiaries and/or affiliates that have issued shares or debt securities to the public.
>
> DATED: January 28, 2025

ECF No. 14; *see also, e.g.*, ECF No. 5 (*pro hac vice* motion by Nick Oberheiden); ECF No. 12 (motion entitled "Chesapeake Regional Medical Center's Motion to Dismiss the Indictment . . ."); 2) **state courts**, as shown in the exhibits attached to the defendant's own motion to dismiss on sovereign immunity grounds and in other filings the government has located:

I ASK FOR THIS:

_____
Jason R. Davis, Esq., VSB #37917
jrdavis@kaufcan.com
John M. Bredehoft, Esq., VSB #33602
jmbredehoft@kaufcan.com
Lauren S. Kadish, Esq., VSB #92822
lskadish@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 – Facsimile
*Counsel for Defendant Chesapeake Hospital Authority d/b/a Chesapeake Regional Medical Center*

ECF No. 13 at 50; *see also id.* at 60, 68, 75; Exhibit 1 (collected Chesapeake Circuit Court dockets where defendant, as the plaintiff, identifies as Chesapeake General Hospital, Chesapeake Regional Medical Center, and Chesapeake Regional Healthcare); 3) **contracts with outside entities**— including notably for this case, with health care benefit programs, *see* Exhibits 2 through 6; 4) **claims to health care benefit programs**:

| S_P_NAME | BILL_PROV_NPI | BILL_PROV_NAME | ATND_PROV_NPI |
|---|---|---|---|
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |
| CHESAPEAKE GENERAL HOSP | 1700896354 | CHESAPEAKE GENERAL HOSP | 1588611610 |

Excerpt from Medicaid sterilization billing data;

5

| Provider Name | Tax Id | Individual NPI | Group NPI | Provider Address | |
|---|---|---|---|---|---|
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |
| CHESAPEAKE GENERAL HOSPITAL | 237133975 | | 1700896354 | 736 BATTLEFIELD BLVD N | |

Excerpt from TRICARE obstetric billing data;

| CH-Contractor Num | FP-Facility Prov Num OSCAR | FP-Facility Prov Num NPI | FP-Facility Provider Master Name Single Derived |
|---|---|---|---|
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |
| 11003 | 490120 | 1700896354 | CHESAPEAKE HOSPITAL AUTHORITY |

Excerpt from Medicare billing data;

5) **public bond offerings**, *see* Exhibit 7; 6) **bank accounts**, *see* Exhibit 8; and 5) **on its website**, where it lists job positions identified in the indictment, such as CEO, CFO, and CMO, as the leadership of CRH, not CHA:

6



The Chesapeake Regional Healthcare Executive Team is dedicated to serving the communities of Hampton Roads and northeastern North Carolina. Each strongly believe in the mission and values of Chesapeake Regional Healthcare.

## Chesapeake Regional Leadership

**Reese Jackson, JD, MHA, FACHE**

President & CEO

*See* https://chesapeakeregional.com/about-us/executive-leadership (last visited Aug. 2, 2025).

The principal case upon which the defendant relies, *United States v. ITT Blackburn Co.*, 824 F.2d 628 (8th Cir. 1987), is thus inapposite. That case involved the indictment naming an unincorporated subdivision of a corporation, not, as here, an indictment using alternate names for the same entity.

Regardless, if the Court finds that the name "Chesapeake Hospital Authority" should be listed on the indictment, the appropriate remedy is for the Court to amend the indictment to correct a misnomer. In an abundance of caution, the government moves the Court for the same. In *United States v. Young Brothers, Inc.*, 728 F.2d 682, 693 (5th Cir. 1984), the government originally named "Young Brothers, Inc." as the defendant in the indictment; mid-trial, the district court granted the government's motion to amend the indictment to change the defendant's name to "Young Brothers, Inc. Contractors." *Id.* The Fifth Circuit rejected the defendant's challenge to the amendment. Although there was no entity with the name "Young Brothers, Inc." at the time of the conspiracy alleged in the indictment, the court reasoned that "amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges

7

against him." *Id.* at 693. Because the meaning of the indictment was plain, the defendant "was not surprised or prejudiced by the change" and the court upheld the district court's mid-trial amendment. *Id. See also United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010) (noting courts have "allowed ministerial corrections of clerical errors in names, dates, and citations, so long as the change would not deprive the defendant of notice of the charges against him"); *Johnson*, 741 F.2d at 1341 ("[A]mendments that are merely a matter of form are freely permitted.").

The Fourth Circuit is in accord. In *United States v. Stewart*, 7 F.3d 228 (4th Cir. 1993) (unpublished), the indictment initially named the defendant's brother, Warren Stewart, and the district court later amended the indictment to the defendant's name, Ron Christopher Stewart. The Fourth Circuit rejected the defendant's challenge to this amendment, noting that "a misnomer is a mistake of form that may be corrected by amending an indictment," particularly where there was no evidence of any prejudice to the defendant. *Id.* Here, the defendant likewise cannot show any prejudice where it has appeared for months and clearly understood the allegations in the indictment.[1]

---

[1] While the defendant now makes much of an isolated statement in one of the government's filings entered six months ago, ECF No. 46 at 2 (citing ECF No. 23 at 3 ("CHA is not a named defendant in this case")), it is the charging instrument, not a prosecutor's statements, that controls. Further, in that filing the government ultimately did not dispute that any sovereign immunity CHA enjoyed was dispositive and, like the defendant, used the terms CRMC and CHA interchangeably. *See, e.g.*, ECF No. 23 at 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 (repeated references to CHA). In any event, the government cannot be faulted for using the names CRMC, CRH, and Chesapeake General where the defendant has done the same for years, as discussed above. *See Stewart*, 7 F.3d 228 (upholding amendment where "it was [defendant's] own falsehood that led to the wrong name being on the indictment").

**CONCLUSION**

For the reasons stated above, the government submits that the Court should deny the motion to dismiss.  In an abundance of caution, the government also moves to amend the indictment to correct a misnomer by adding "Chesapeake Hospital Authority" as an additional a/k/a in the party name, although it is not necessary given that the current names in the indictment all refer to the same party: the defendant.

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:        /s/
E. Rebecca Gantt
Virginia State Bar # 83180
Elizabeth M. Yusi
Virginia State Bar #91982
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address – Rebecca.Gant@usdoj.gov
E-Mail Address – Elizabeth.Yusi@usdoj.gov